UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BRANNON JAMES ROSS**                                **DOCKET NO. 6:24-cv-1164**
    **D.O.C. # 344515/001620839**                        **SECTION P**

**VERSUS**                                          **JUDGE S. MAURICE HICKS, JR.**

**MEDICAL STAFF, ET AL**                            **MAGISTRATE JUDGE WHITEHURST**

### MEMORANDUM ORDER

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff Brannon James Ross on August 26, 2024. Doc. 1. Ross is an inmate in the custody of the Louisiana Department of Corrections ("LDOC"), incarcerated at the Lafayette Parish Correctional Center (LPCC) in Lafayette, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

    **I.**    **STATEMENT OF THE CASE**

According to his complaint, on June 20, 2024, plaintiff was standing at the security door attempting to get an inmate's attention when inmate Detrvus Manuel squirted feces and urine in his face, hitting him in the left eye. Doc. 1, p. 3. He informed the floor deputy of the incident and asked to be seen by the medical staff and to file charges against Manuel. *Id*. Twenty-nine days later, he was taken to medical. *Id*.

According to the Medical ARP attached to his complaint, he was seen by the medical staff on July 19, 2024, at which time he was given an eye exam, an AIDS/HIV test and a Hepatitis test. *Id*. at p. 5. He was also scheduled to see an eye doctor. *Id*. Plaintiff alleges that the incident

caused him to lose sight in his left eye. *Id.* He also complains that the delay in his medical treatment was a result of his sexual orientation. *Id.* at p. 3.

Ross names as defendants the following: "Whoever is in charge of Medical Staff on June 20, 2024; (2) Ms. Sampe; and (3) "Whichever shift worked 3rd floor on June 20, 2024." Doc.3 1, p. 3.

## II.  LAW AND ANALYSIS

### 1. *Frivolity Review*

Ross was granted leave to proceed in forma pauperis. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional

2

rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend his complaint to comply with Rule 8.

### 3. *Denial/Delay in Medical Care*

With respect to his claim for denied and/or delayed medical care, plaintiff must amend his complaint to provide more details. As a pretrial detainee, plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission.

Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation, and that this deprivation was brought about by the deliberate

3

indifference of prison officials. *Hare*, 74 F.3d at 643 and 650. This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

In order to prevail on such claims, prisoner must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Moreover, a delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. M*endoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).

According to his Complaint, following the June 20, 2024 incident, Ross was seen by the prison medical staff. He was given an eye exam, an AIDS/HIV test and a Hepatitis test and was also scheduled to see an eye doctor. Therefore, he does not state a claim for denial of medical care.

Ross' main complaint appears to be that the delay in his medical treatment was a result of his sexual orientation. "I feel to believe that because I am gay I did not get the same treatment as a straight male would get." Doc. 1, p. 3. However, the mere fact that Ross is gay is insufficient to show deliberate indifference on the part of the staff. *See Solis v. Barber*, 2021 U.S. Dist. LEXIS 147916 (N.D. Tex., June 30, 2021). He should amend to allege facts to establish that the delay was intentionally done to cause him harm and that the delay caused further harm to his eyesight.

*4. Equal Protection*

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) 'a state actor intentionally discriminated against [him] because of membership in a protected class [,]'" *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted), or (b) she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). To the extent he seeks to make an equal protection claim, Ross should amend to allege facts to establish a claim under the Equal Protection Clause.

### III. CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

**THUS DONE AND SIGNED** in chambers this 18th day of December, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**